RAYMOND H. AVER - State Bar No. 109577
LAW OFFICES OF RAYMOND H. AVER
A Professional Corporation
10801 National Boulevard, Suite 100
Los Angeles, California  90064
Telephone: (310) 571-3511
email: ray@averlaw.com

Bankruptcy Litigation Counsel for
PATRICK J. FLANNERY, Plaintiff

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA [LOS ANGELES DIVISION]

| | |
|---|---|
| In re: | Case No. 1:21-bk-11781-MT |
| **ANDREA LYNN MURRAY,** | In Proceedings Under Chapter 7 |
| Debtor. | |
| | Adv. No. |
| | COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT [11 U.S.C. §523(a)(6)] |
| **PATRICK J. FLANNERY,** | |
| Plaintiff, | |
| v. | |
| **ANDREA LYNN MURRAY, fka ANDREA LYNN BURNETTE, fka ANNIE LYNN MURRAY, fka ANDREA LYNN MURRAY-TELLO,** | |
| Defendant. | |

Plaintiff Patrick J. Flannery ("Plaintiff" or "Flannery"), by and through his bankruptcy litigation counsel, Law Offices of Raymond H. Aver, a Professional Corporation, complains and alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Central District of California has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Venue of this adversary proceeding properly lies within the Central District pursuant to 28 U.S.C. section 1409(a) where the bankruptcy case of the defendant is pending.

## THE PARTIES

4. Plaintiff is, and at all times mentioned in this complaint was, a resident of the County of Los Angeles, State of California.

5. Plaintiff is informed and believes, and based thereon alleges, that defendant Andrea Lynn Murray, fka Andrea Lynn Burnette, fka Annie Lynn Murray, fka Andrea Lynn Murray-Tello ("Defendant" or "Murray") is a resident of the County of Los Angeles, State of California.

6. Plaintiff and Defendant began dating in or around the summer of 1991, and began living together in 2001, after Defendant sold her home in Garden Grove, California. Plaintiff and Defendant have three children.

## GENERAL ALLEGATIONS

A. Background

7. This adversary proceeding involves the real property

located at 12051 Browns Canyon Road, Chatsworth, California 91311 ("Browns Canyon Road Property"), and the willful and malicious injury suffered by Plaintiff as a result of Defendant's illegal dumping of construction waste materials at the Browns Canyon Road Property.

8. The Browns Canyon Road Property is ranch property that was previously used to board horses. The Browns Canyon Road Property is a 13+ acre property, with a 1133 square foot unfinished home. The Browns Canyon Road Property is zoned agricultural and two electric meters. One electric meter is a commercial meter and powers the ranch lights and water well. The other electric meter is a residential meter and powers the residence. There are two water wells on the property, one is used for the residence and the other well provides water for the livestock.

9. Plaintiff and Defendant own the Browns Canyon Road Property as tenants in common. Plaintiff acquired the Browns Canyon Road Property in 2003. Pursuant to the Judgment of the Superior Court of the State of California for the County of Los Angeles ("Los Angeles Superior Court"), in the case of *Andrea Murray v. Patrick J. Flannery*, Case No. BC438538, issued on December 13, 2013, the Clerk of the Los Angeles Superior Court, on Plaintiff's behalf, caused to be signed a Grant Deed transferring a fifty percent (50%) undivided interest as a tenant in common in the Browns Canyon Road Property to Defendant.

10. Defendant resides at the Browns Canyon Road Property. Plaintiff is informed and believes, and based thereon alleges, that Defendant has continuously resided at the Browns Canyon Road Property since in or around February 2010.

11. Plaintiff formerly resided at the Browns Canyon Road

Property. Plaintiff moved from the Browns Canyon Road Property in or around February 2010.

B. Defendant's Bankruptcy Filing

12. On October 27, 2021, Defendant filed a "Voluntary Petition for Individuals Filing for Bankruptcy." The deadline for filing complaints objecting to the dischargeability of Defendant's debts is February 4, 2022.

C. Defendant's Willful And Malicious Misconduct

13. Plaintiff is informed and believes, and based thereon alleges, that beginning in or around 2016, Defendant and her estranged spouse, Jose Tello ("Tello"), began dumping dirt on the upper pad area of the Browns Canyon Road Property.

14. Plaintiff notified Defendant of the dumping and asked her to stop it because the dumping may be classified as illegal grading.

15. In or around late December, 2016, Plaintiff observed that an estimated 20 truck loads of dirt and concrete and demolition materials had been dumped on the upper pad and 20 truck loads had been dumped on the ranch, some by the road and some close to the lower barn area.

16. Plaintiff is informed and believes, and based thereon alleges, that instead of ceasing the improper dumping, Defendant continued to dump a mixture of waste building materials, concrete, floor tiles, roofing tiles, wall tiles, drywall pieces estimated to exceed 3,000 truck loads of 12 cubic yards per load.

17. Thereafter, throughout 2017 and 2018 the dumping continued with fresh loads of concrete, asphalt and miscellaneous construction

site rubble and loads of dirt and clay dumped on top of the leveled previously dumped construction waste materials.

18. Plaintiff told the trucker drivers who Plaintiff observed were dumping the debris to stop the dumping, but they continued to do so.

19. On May 5, 2017, Plaintiff observed trucks dumping construction waste materials on the Browns Canyon Road Property. Plaintiff approached the truck drivers and was talking to them when Tello drove a truck toward Plaintiff at high speed. Tello abruptly stopped shy of hitting Plaintiff, then bumped Plaintiff with his truck. Tello told Plaintiff that although Plaintiff was a co-owner of the Browns Canyon Road Property, Defendant was also a co-owner and Defendant and he were in possession of the property and that they would continue to dump and Plaintiff could do nothing about it. Plaintiff told Tello that Plaintiff had been and would continue to inform each truck driver that they were illegally dumping. Tello became enraged and whipped Plaintiff across Plaintiff's back with a rope knotted to a chain. Plaintiff contacted 911 and eventually the police arrived and arrested Tello.

20. Despite Plaintiff's warnings to Defendant, Tello and the truck drivers, they continued to dump debris on the Browns Canyon Road Property.

21. Plaintiff is informed and believes, and based thereon alleges, that none of the debris has been removed from the Browns Canyon Road Property, and that by reason of the unlawful dumping, the value of the Browns Canyon Road Property and Plaintiff's fifty percent (50%) interest has been adversely effected and substantially reduced.

D. <u>Governmental Action Resulting From Defendant's Malicious And Willful Misconduct</u>

22. Plaintiff is informed and believes, and based thereon alleges, that various governmental agencies within Los Angeles County, including the County of Los Angeles Department of Public Works ("Department of Public Works"), the Los Angeles County Department Of Public Health ("Department of Public Health"), and the Los Angeles County District Attorney's Office ("District Attorney's Office") have issued violation notices and/or commenced enforcement action resulting from Defendant's unlawful dumping at the Browns Canyon Road Property, including the following:

a. On June 1, 2017, the Department of Public Works issued a "Notice Of Violation" of Building Code Section J103.3, grading performed without the required permits having first been obtained, and Section J103.2(g) fill over a slope greater than 5 to 1, over 50 yards, creating a slope steeper than 2 to 1.

b. On or about June 6, 2017, the Department Of Public Health issued a Notice of Violation letter to Defendant and Plaintiff for concrete and demolition material that had been illegally disposed of throughout the Browns Canyon Road Property, directing the removal of the material and proper disposal of it.

c. On or about January 12, 2018, the Department Of Public Health issued a "Cease And Desist Order And Corrective Action Order" ordering that all operations including the import, delivery and disposal of all solid waste to the Browns Canyon Road Property immediately cease,

and that all the construction and demolition material from the property be removed to a Solid Waste Facility approved to accept the materials.

23. On or about December 13, 2018, a Twelve Count complaint was filed with the Superior Court of the State of California for the County of Los Angeles, in *The People of the State of California v. Andrea Lynn Murray*, Case No. 8SC05143, alleging, among other things, misdemeanor violations of the Los Angeles County Building And Safety Code pertaining to the unlawful dumping. The criminal action is pending.

24. Plaintiff is informed and believes, and based thereon alleges, that various governmental agencies within Los Angeles County will require that the unlawfully dumped dirt and construction and demolition materials be removed from the Browns Canyon Road Property. Plaintiff does not know how much it will cost for the removal, but estimates that the cost could exceed tens of thousands of dollars.

### CLAIM FOR RELIEF

**[Willful and Malicious Injury by the Debtor to Another Entity or to the Property of Another Entity - 11 U.S.C. §523(a)(6)]**

25. Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1-24, inclusive, as though fully set forth verbatim herein.

26. Defendant willfully and maliciously dumped dirt and mixed concrete and demolition materials at and on the Browns Canyon Road Property.

27. Defendant's misconduct, as alleged above, was intentional, wrongful and without just cause. Defendant intended, and knew or

should have known, that her misconduct would cause injury to Plaintiff and his property.

28. As a result of Defendant's misconduct, Plaintiff has been damaged in an amount to be proven at trial, together with interest thereon, and Defendant is indebted to Plaintiff as a result thereof.

29. The debt owed by Defendant to Plaintiff is nondischargeable under 11 U.S.C. §523(a)(6).

**WHEREFORE**, plaintiff Patrick J. Flannery prays for judgment against defendant Andrea Lynn Murray as follows:

1. For a determination that the debt owed by Defendant in an amount to be proven at trial, together with interest thereon, is nondischargeable under 11 U.S.C. §523(a)(6);

2. For reasonable attorneys fees as allowed by law;

3. For costs of suit incurred herein; and

4. For such further relief as the Court deems just and proper.

Dated: February 4, 2022

LAW OFFICES OR RAYMOND H. AVER
A Professional Corporation

By: _____
RAYMOND H. AVER
Bankruptcy Litigation Counsel for
PATRICK J. FLANNERY, Plaintiff