2

| | |
|---|---|
| 1  ANDREA L. MURRAY<br>   P. O. Box 3155<br>2  Chatsworth, California 91313<br>   Telephone: (818) 456-0560<br>3  Email: bcr2003@aol.com<br>4  Andrea L. Murray, Self-Represented | **FILED**<br>MAR - 8 2022<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:            Deputy Clerk |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ANDREA L. MURRAY,<br><br>Debtor<br>_____<br><br>PATRICK J. FLANNERY<br><br>Plaintiff<br><br>v.<br><br>Andrea Lynn Murray, fka<br>Andrea Lynn Burnette, fka<br>Annie Lynn Murray, fka<br>Andrea Lynn Murray-Tello<br><br>Defendant | Bk. No. 1:21-bk-11781-MT<br><br>Adv. 1:22-ap-01011-MT<br><br>Chapter 7  *Response*<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT { 11 U.S.C. §§ 523(a)(6) ]**<br><br>Status Conference:<br><br>Date:        April 20th, 2022<br>Time:        11:00 a.m.<br>Courtroom: 302<br>Location:    21041 Burbank Blvd.<br>             Woodland Hills, CA 91367 |

**THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE, NANCY ZAMORA; PATRICK J. FLANNERY, PLAINTIFF** and **ALL PARTIES IN INTEREST:**

Chapter 7 Debtor, Andrea L. Murray, hereby submits her response to the Complaint filed by Patrick Flannery, or Plaintiff.

### I. RESPONSES TO THE ALLEGATIONS IN THE COMPLAINT

1. Ms. Murray admits Paragraph 1 of the Complaint.

2. Ms. Murray admits Paragraph 2 of the Complaint.

3. Ms. Murray admits Paragraph 3 of the Complaint.

ANDREA L. MURRAY'S RESPONSE TO NON-DISCHARGEABILITY CLAIM 1:22-AP-01011-MT

4. Ms. Murray admits Paragraph 4 of the Complaint.

5. Ms. Murray admits Paragraph 5 of the Complaint.

6. Ms. Murray denies Paragraph 6 of the Complaint which states, "began living together in in 2001 after Defendant sold her home in Garden Grove, California.". Plaintiff and Ms. Murray began living together in 1999, before Ms. Murray sold her home in Garden Grove, California.

7. Ms. Murray denies Paragraph 7 of the Complaint which states, "the willful and malicious injury suffered by Plaintiff as a result of Defendant's illegal dumping of construction waste materials at the Browns Canyon Property.".

8. Ms. Murray denies Paragraph 8 of the Complaint in so much as it states, "unfinished home". Ms. Murray admits the property is zoned agricultural, however the zoning includes Heavy Agriculture, as it is zoned AG-2.

9. Ms. Murray denies Paragraph 9 of the Complaint which states, "Plaintiff acquired the Browns Canyon Road Property in 2003.". Plaintiff and defendant acquired the property in 2003, however Plaintiff fraudulently claimed title in his name only. Subsequently, Ms. Murray brought a complaint for breach & fraud against Mr. Flannery, case #BC438538, which Ms. Murray prevailed in. The Clerk of the Court signed the Grant Deed transferring a 50% undivided interest as the tenant in common in the Browns Canyon Property to Ms. Murray, when Mr. Flannery refused to sign.

10. Ms. Murray denies Paragraph 10 of the Complaint in so much as it states that Ms. Murray has "resided at the property since in or around February 2010.". Ms. Murray and Plaintiff moved to the property, with their three children, in July of 2009. Ms. Murray has resided there since.

11. Ms. Murray admits Paragraph 11 of the Complaint.

12. Ms. Murray admits Paragraph 12 of the Complaint.

13. Ms. Murray denies the allegations set forth in Paragraph 13 of the Complaint.

14. Ms. Murray denies Paragraph 14 of the Complaint which alleges that Ms. Murray was "dumping" and "Illegally grading".

15. Ms. Murray lacks sufficient information and knowledge and thereby denies the allegations in Paragraph 15 of the Complaint.

16. Ms. Murray denies the allegations set forth in Paragraph 16 of the Complaint.

17. Ms. Murray denies the allegations set forth in Paragraph 17 of the Complaint.

18. Ms. Murray lacks sufficient information and knowledge and thereby denies the allegations set forth in Paragraph 18 of the Complaint.

19. Ms. Murray lacks sufficient information and knowledge and thereby denies the allegations set forth in Paragraph 19 of the Complaint, with the exception of "eventually the police arrived and arrested Tello.".

20. Ms. Murray denies the allegations set forth in Paragraph 20.

21. Ms. Murray denies the allegations set forth in Paragraph 21.

22. Ms. Murray admits in part and denies in part the allegations set forth in Paragraph 22. Ms. Murray admits that notices were issued by the Department of Public Health, and Department of Public Works, but denies the remaining allegations set forth in Paragraph 22.

23. Ms. Murray denies Paragraph 23 of the Complaint which states, "pertaining to the unlawful dumping.".

24. Ms. Murray lacks sufficient information and knowledge and thereby denies the allegations in Paragraph 24 of the Complaint.

25. Ms. Murray realleges and incorporates by reference each and every allegation of the Paragraphs 1-24.

26. Ms. Murray denies the allegations set forth in Paragraph 26.

27. Ms. Murray denies the allegations set forth in Paragraph 27.

28. Ms. Murray denies the allegations set forth in Paragraph 28.

29. Ms. Murray denies the allegations set forth in Paragraph 29.

.

II.    **<u>AFFIRMATIVE DEFENSES</u>**

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

3

(STATUTE OF LIMITATIONS)

Ms. Murray alleges that Plaintiff is barred from recovery by virtue of the lapsing of statutes of limitations, Civil Code Procedure Section 338. Mr. Flannery states in Paragraph 13, 15, 17,19, the dates of his alleged "observations" commencing in 2016 and allegedly ending in 2018, which exceeds the 3-year statute of limitations in which to bring a claim.

## SECOND AFFIRMATIVE DEFENSE
(DOCTRINE OF LACHES)

Ms. Murray alleges that Plaintiff exercised unreasonable delay in filing a complaint for damages.

## THIRD AFFIRMATIVE DEFENSE
(RES JUDICATA)

Ms. Murray alleges that Plaintiff is barred from re-litigating issues which were raised, addressed, and tried in Partition Case #PC056142, and for which a Remittitur was issued on November 12, 2020 (Appellant Case # B287284).

## FOURTH AFFIRMATIVE DEFENSE
(LACK OF STANDING)

Ms. Murray alleges that since Plaintiff did not suffer injury, Plaintiff has no standing to file a claim. Ms. Murray has borne all the litigation costs, all the costs of remediation for all alleged violations, and she alone is being prosecuted in criminal court for said alleged violations, some of which Mr. Flannery is responsible for.

In addition, Ms. Murray asserts that in order for a non-dischargeability to apply under section 523(a)(6), a Plaintiff must prove beyond a reasonable doubt that the Debtor intended the consequences of the act, not simply the act itself, and that both willfulness and maliciousness must be proved in order to block a discharge under 523(a)(6). Non-dischargeability under section 523(a)(6) encompasses a narrow class of tort liabilities in which the debtor's conduct was intentional and intended to harm an entity or its property. Here, Ms. Murray's intentions were never willful and

4

malicious, nor did she intend to harm Plaintiff, or the property that they shared. Ms. Murray acted out of necessity by addressing the issues she faced on the property as the resident owner, due to the destructive forces of nature.

### FIFTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Ms. Murray alleges that Plaintiff failed to mitigate damages by refusing to abate the alleged violations on the property which belong to him, and for which he was and is responsible. Ms. Murray further alleges that as a 50% owner in the property, Mr. Flannery was and is responsible for alleged violations which existed on the property before they acquired it, as well as those that were constructed by Mr. Flannery on the property which resulted in numerous violations, some of which Ms. Murray is currently being prosecuted for in criminal court.

### SIXTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

Ms. Murray alleges that Plaintiff, by way of his own wrongful conduct, is fully responsible for any damage he suffered, as he refused to abate the alleged violations existing on the property which were his responsibility.

### SEVENTH AFFIRMATIVE DEFENSE
### (SELF DEFENSE)

If Ms. Murray violated the law, which she denies she did, she did so defending herself and her home.

### EIGHTH AFFIRMATIVE DEFENSE
### (SETOFF)

Ms. Murray alleges that she has suffered damage by reason of the actions or failures to act, on the part of Mr. Flannery, such as not abating the alleged violations that existed and still exist on the property which belong to him. In addition, Mr. Flannery owes Ms. Murray approximately $300,000 in judgments for money paid out of her own pocket and for which she

has not been reimbursed. Therefore, if Plaintiff is entitled to any recovery (which Ms. Murray denies he is), Ms. Murray is entitled to set-off her own damages against any such recovery.

### NINTH AFFIRMATIVE DEFENSE

(NO ACTUAL INJURY)

Ms. Murray alleges that Plaintiff suffered no actual injury. Ms. Murray has borne all the litigation costs, all the costs of remediation for all alleged violations and she alone is being prosecuted in criminal court for said alleged violations, some of which Mr. Flannery is responsible for.

### TENTH AFFIRMATIVE DEFENSE

(FALSE CLAIMS)

Ms. Murray alleges that Plaintiff's claims are barred as a matter of law as the complaint makes numerous blatantly false claims, found in, but not limited to Paragraphs 7, 13, 16, 20, 21, 26, 27, and 28. Ms. Murray further alleges that Plaintiff's claims are also barred as a matter of law as Plaintiff wrongfully alleges that Ms. Murray's actions were willful and malicious, and that Ms. Murray, among other things, was allegedly "operating a dumpsite", or "solid waste facility", where she lives.

### ELEVENTH AFFIRMATIVE DEFENSE

(CONTRIBUTION BY A THIRD PARTY)

If Jose Tello, Ms. Murray's estranged husband, did indeed "dump" "3000 truckloads" of "waste" and "debris" onto the Browns Canyon Property, which Ms. Murray doesn't believe he did, then it was without the consent of Ms. Murray and therefore, Mr. Tello, as a third party, owes contribution for damages alleged to have been suffered by plaintiff.

### TWELTH AFFIRMATIVE DEFENSE

(FORCE MAJEURE-ACT OF GOD)

Ms. Murray alleges that due to "acts of God" and the destructive forces of nature which created flooding and erosion issues and enormous crevices throughout the property, Ms. Murray needed and still needs to maintain the driving areas on her land in order to safely access all areas of her property, where she resides with her son. Additionally, Ms. Murray needed and still needs to prevent mud and debris from washing onto Browns Canyon Road.

### THIRTEENTH AFFIRMATIVE DEFENSE
(NECESSITY)

As the resident owner of more than 13 acres of rugged, mountainous, heavy agricultural property, Ms. Murray needs to protect her son, herself, and her property from the damage and potential harm due to the destructive forces of nature. In addition, she needs to prevent hazardous conditions for the residents and drivers on Browns Canyon Road created by mud and debris washing onto said road, to avert the peril of all.

### FOURTEENTH AFFIRMATIVE DEFENSE
(NECESSITY FOR OTHERS)

Ms. Murray sought to prevent mud and debris from washing onto Browns Canyon Road, the only access road to and from Browns Canyon, thereby preventing residents and drivers on said road from getting "stuck in the mud" or "skidding and sliding", and to avoid the overall unsafe driving conditions on the road.

### FIFTEENTH AFFIRMATIVE DEFENSE
(PRIVILEGE OF RESIDENT OWNERSHIP)

Ms. Murray asserts that as the resident owner, she has the privilege to protect her legitimate interests in her home and land, where she and her son reside.

### SIXTEENTH AFFIRMATIVE DEFENSE
(JUSTIFICATION)

/

Ms. Murray asserts that as the resident owner of over 13 acres of heavy agricultural AG-2 property, her conduct was legally justified. Ms. Murray alleges that since Mr. Flannery does not reside on the property, he doesn't have to live with or battle the issues that Ms. Murray and their son face on a regular basis, and therefore appears to not understand the difficulties that come from not being able to leave the property due to mud or flooding, and not being able to safely access the driving areas and parts of the property due to deep, wide and large crevices that form on the ranch.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(GOOD FAITH)

Ms. Murray asserts that her actions were taken in good faith and that she relied upon information provided by a licensed contractor, two engineers, and Ms. Murray's counsel, with a reasonable belief that such actions were legal, appropriate, and necessary.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(COMPARATIVE FAULT OF THIRD PARTIES)

Ms. Murray asserts that due to the compliance order from the Department of Public Works and the Department of Regional planning, Ms. Murray was forced to dismantle the horse stalls for the horse boarding business. If anything did have an adverse effect on the fair market value of the ranch, Ms. Murray alleges that this would have been it. Ms. Murray alleges that if the property has been damaged or devalued, it is due to the "remedial" projects required by these governmental agencies.

### NINETEENTH AFFIRMATIVE DEFENSE

(ATTORNEY'S FEES)

Ms. Murray alleges that Plaintiff's Attorney's fees are not recoverable by Plaintiff.

ANDREA L. MURRAY'S RESPONSE TO NON-DISCHARGEABILITY CLAIM 1:22-AP-01011-MT

### TWENTIETH AFFIRMATIVE DEFENSE

(RIGHT TO ADD ADDITIONAL AFFIRMATIVE DEFENSES)

Ms. Murray reserves the right to amend this response to add other affirmative or special defenses, or to delete or withdraw affirmative or special defenses, as may become necessary.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Ms. Murray respectfully requests a determination by this Court that Ms. Murray's conduct was not willful and malicious, and that Ms. Murray did not maliciously intend injury to Plaintiff or Plaintiff's property in which she also had an interest. Additionally, Ms. Murray respectfully requests that:

This Court deny the Plaintiff's request for judgment against Ms. Murray.
This Court deny any and all relief requested by the Plaintiff.
This Court dismiss the Complaint with prejudice.
This Court deny the Plaintiff's request for attorney's fees.
The Plaintiff take nothing by way of the Complaint.
This Court award Ms. Murray the costs of suit incurred herein; and
This Court grant her such other and further relief as the Court deems just and proper.

DATED: March 8, 2022

Respectfully submitted,

Andrea L. Murray

By: _____
Andrea L. Murray

ANDREA L. MURRAY'S RESPONSE TO NON-DISCHARGEABILITY CLAIM 1:22-AP-01011-MT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
21617 Nordhoff St #250,
Chatsworth, CA 91311

A true and correct copy of the foregoing document entitled (*specify*): A. MURRAY RESPONSE TO NON-DISCHARGEABILITY ADVERSARY COMPLAINT # 1:22-ap-01011-MT, RE: BANKRUPTCY #1:21-bk-11781

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __03/08/2022__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
LAW OFFICES OF RAYMOND AVER
10801 NATIONAL BLVD. SUITE 100
LOS ANGELES, CA 90064

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/8/2022 | Kieran Flannery | /s/ Kieran Flannery |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE