1  RAYMOND H. AVER - SBN 109577
   LAW OFFICES OF RAYMOND H. AVER
2  A Professional Corporation
   10801 National Boulevard, Suite 100
3  Los Angeles, California 90064
   Telephone: (310) 571-3511
4  email: ray@averlaw.com

5  Bankruptcy Litigation Counsel for
   PATRICK J. FLANNERY
6  Plaintiff

7

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA [SAN FERNANDO VALLEY DIVISION]

10

11 In re:                        )  Case No. 1:21-bk-11781-MT
                                 )
12 ANDREA LYNN MURRAY,           )  In Proceedings Under
                                 )  Chapter 7
13                               )
                                 )
14          Debtor.              )  Adv. No. 1:22-ap-01011-MT
                                 )
15 _____   )  MOTION TO VACATE/ALTER "ORDER
                                 )  DISMISSING ADVERSARY PROCEEDING FOR
16 _____   )  LACK OF PROSECUTION UNDER LBR
                                 )  7041-1(b)"; MEMORANDUM OF POINTS AND
17 PATRICK J. FLANNERY,          )  AUTHORITIES IN SUPPORT THEREOF; AND
                                 )  DECLARATION(S) AND EXHIBIT(S) IN
18          Plaintiff,           )  SUPPORT THEREOF
                                 )
19 v.                            )
                                 )
20 ANDREA LYNN MURRAY,           )  Date: [No Hearing Scheduled]
                                 )  Time:
21          Defendant.           )  Place: Courtroom 302
                                 )      United States Bankruptcy Court
22 _____   )      21041 Burbank Boulevard
                                        Woodland Hills, California 91367
23

24

25

26

27

28

1 | **TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE; AND TO DEFENDANT ANDREA LYNN MURRAY:**

2

3 |     **PLEASE TAKE NOTICE** that plaintiff Patrick J. Flannery

4 | ("Plaintiff") hereby moves the Court for an order vacating/altering

5 | the "Order Dismissing Adversary Proceeding for Lack of Prosecution

6 | under LBR 7041-1(b)," entered on May 17, 2023 ("Dismissal Order").

7 | The requested relief is appropriate because the Court's ruling (i.e.,

8 | dismissal of the instant adversary proceeding) was based on the

9 | excusable neglect of Plaintiff's counsel.

10 |     This motion is made pursuant to Federal Rules of Civil Procedure

11 | ("FRCP") 59(e) and 60(b), made applicable to this adversary

12 | proceeding by Federal Rules of Bankruptcy Procedure ("FRBP") 9023 and

13 | 9024, respectively, Local Bankruptcy Rules 9013-1(d) and 9013-4, and

14 | is supported by the attached memorandum of points and authorities and

15 | the concurrently filed declarations and exhibits appended thereto,

16 | and such other and further evidence and argument as may be presented

17 | to the Court prior to or during the hearing of this motion.

18 |     **PLEASE TAKE FURTHER NOTICE** that pursuant to LBR 9013-1(f):

19 |       [E]ach interested party opposing or responding to the
20 |       motion must file and serve the response (Response) on
      the moving party and the United States trustee not
21 |       later than 14 days before the date designated for
      hearing.

22

23 |       Contents of Response.  A Response must be a complete
      written statement of all reasons in opposition thereto or
      in support, declarations and copies of all evidence on
24 |       which the responding party intends to rely, and any
      responding memorandum of points and authorities.  The
25 |       Response must advise the adverse party that any reply must
      be filed with the court and served on the responding party
26 |       not later than 7 days prior to the hearing on the motion.

27 |     Pursuant to LBR 9013-1(h):

28 |       If a party does not timely file and serve documents,

1   the court may deem this to be consent to the granting
    or denial of the motion, as the case may be.

2

3   **WHEREFORE**, Patrick J. Flannery respectfully requests that the

4   Court grant the "Motion To Vacate/Alter 'Order Dismissing Adversary

5   Proceeding For Lack Of Prosecution Under LBR 7041-1(b),'" vacate the

6   "Order Dismissing Adversary Proceeding For Lack Of Prosecution Under

7   LBR 7041-1(b)," schedule a status conference in this adversary

8   proceeding and for such other relief as is just and proper.

9

10  Dated: May 31, 2023                LAW OFFICES OR RAYMOND H. AVER
                                       A Professional Corporation
11

12

13                                     By:_____
                                            RAYMOND H. AVER
14                                     Bankruptcy Litigation Counsel for
                                       Plaintiff, PATRICK J. FLANNERY
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

3

I.

4

INTRODUCTION

5   On May 15, 2023, unbeknownst to plaintiff Patrick Flannery

6   ("Plaintiff" or "Flannery") or his counsel, a status conference was

7   held in this adversary proceeding, pursuant to an "Order Rescheduling

8   Adversary Status Conference" issued on April 4, 2023.  Flannery's

9   counsel was not aware of the status conference because he was

10   suffering from serious allegeries, resulting in flu like symptoms

11   including headaches, cold and cough and severe fatigue, at that time

12   the Court issued the "Order Rescheduling Adversary Status

13   Conference," and therefore did not see the April 4, 2023 order and

14   was unaware that the date of the status conference had been moved

15   ahead to May 15, 2023.  Neither Plaintiff nor Defendant appeared for

16   the status conference, and the Court ordered dismissal of the

17   adversary proceeding for failure to prosecute.  The "Order Dismissing

18   Adversary Proceeding for Lack of Prosecution under LBR 7041-1(b)"

19   ("Dismissal Order") was entered on May 17, 2023, and is based upon

20   and references Local Bankruptcy Rule 7041-1(b), which provides that

21   such dismissal is without prejudice.[1]

22   By the instant "Motion to Vacate/Alter 'Order Dismissing

23   Adversary Proceeding For Lack Of Prosecution Under LBR 7041-1(b)"

24   ("Motion To Vacate/Alter"), Flannery seeks an order vacating/altering

25

26   [1]   If a party fails to appear at the noticed hearing of a
motion, a status conference, a pretrial conference or trial of the
proceeding, the court may make such orders in regard to the failure
27   as are just, including dismissal of the matter for want of
prosecution. Unless the court provides otherwise, any dismissal
28   pursuant to this rule is without prejudice. [LBR 7041-1(b)]

Law Offices
of Raymond
H. Aver, APC

*MOTION TO VACATE/ALTER DISMISSAL ORDER*

Page 4

1  the Dismissal Order.  The requested relief is appropriate because
2  Plaintiff has been actively participating in the prosecution of the
3  instant adversary proceeding, and his counsel has a legitimate excuse
4  for failing to appear at the status conference which the Court was
5  not aware when it issued the Dismissal Order.  The law favors
6  disposition of adversary proceedings on their merits.  The Court's
7  decision to dismiss this adversary proceeding is extremely
8  prejudicial to Flannery as it results in his loss of the right to
9  obtain a judicial determination as to the dischargeability of
10 Defendant's debt to him.

11

12                                II.

13                         PROCEDURAL HISTORY

14

15 Commencement Of The Bankruptcy Case

16     On October 27, 2021 ("Petition Date"), Andrea Lynn Murray
17 ("Murray" or "Defendant") caused to be filed a voluntary petition for
18 relief under chapter 7 of Title 11 of the United States Code
19 ("Bankruptcy Code").

20     The First Meeting Of Creditors was scheduled for December 6,
21 2021, and therefore the deadline to object to the dischargeability
22 was February 4, 2022.

23

24 Timely Filing Of Dischargeability Objection And Contemporaneous
25 Filing Of Dischargeability Complaint By The People, The County And
26 The LEA

27     On February 4, 2022, Flannery timely caused the "Complaint To
28 Determine Dischargeability Of Debt [11 U.S.C. §523(a)(6)]" to be

1  filed, commencing the instant adversary proceeding.  One day prior,

2  The People of the State of California (the "People"), the County of

3  Los Angeles (the "County") and the Los Angeles County Department of

4  Public Health acting as the Local Enforcement Agency ("LEA") caused

5  the "Complaint For Determination Of Non-Dischargeability Of Debts

6  Pursuant To 11 U.S.C. §§523(a)(6) And 523(a)(7)" to be filed,

7  commencing *The People of the State of California, et al. v. Murray*,

8  Adv. No. 1:22-ap-01010-MT ("Government Adversary").  Both complaints

9  are based upon similar, if not identical facts and circumstances

10  arising from Defendant's allegedly unpermitted grading and illegal

11  dumping of construction waste materials at the real property located

12  at 12051 Browns Canyon Road, Chatsworth, California 91311

13  ("Property"), which is 13+ acres and is owned by Flannery and Murray,

14  fifty-fifty as tenants in common.

15      Prior to the Petition Date, in June 2017, the LEA issued a

16  Notice Of Violation to Defendant for illegal disposing of

17  construction and demolition materials on the Property.  And, in

18  January 2018, the LEA issued a Cease and Desist Order ordering

19  Defendant to cease dumping the materials and to remove materials from

20  the Property within 30 days.  On December 13, 2018, the People filed

21  a Misdemeanor Complaint and on February 13, 2019, the People filed an

22  Amended Misdemeanor Complaint ("Criminal Action") against Murray.

23

24  Plaintiff's Active Participation In The Dischargeability Objection

25      Plaintiff has been actively monitoring the various government

26  proceedings that have been brought against Defendant pertaining to

27  the allegedly unpermitted grading and illegal dumping, including the

28  Criminal Action, and has entered into six stipulations with Defendant

1  to continue the Adversary Status Conference for periods of
2  approximately one to four months each.  These stipulations, filed
3  with the Court from April 11, 2022 to March 23, 2023, upon which the
4  Court ordered continuances of the Adversary Status Conferences, were
5  entered into for two primary reasons: (a) to afford Defendant the
6  opportunity to concentrate on defending herself in the Criminal
7  Action and in the LEA administrative action; and (b) because it was
8  anticipated that adjudication of some of the factual and/or legal
9  issues being tried in the Criminal Action and addressed in the LEA
10  administrative action would narrow some of the issues in the
11  adversary proceeding, saving Plaintiff substantial legal expense.  A
12  copy of the Stipulations are attached to the Declaration Of Raymond
13  H. Aver, appended hereto, as **Exhibit 1** through **Exhibit 6**.  Due to
14  delays in the Criminal Action and the administrative action,
15  including a hung jury in the first trial and an appeal by Murray
16  following a conviction in the second trial in the Criminal Action and
17  an appeal by Murray from the decision rendered in the administrative
18  action, it has taken far longer than originally anticipated for these
19  actions to conclude.

20

21  Events Resulting In Dismissal For Failure To Attend Status Conference

22        On March 23, 2023, Flannery and Murray entered into the "Sixth
23  Stipulation To Continue Initial Status Conference," agreeing to
24  continue the status conference to May 22, 2023.  On March 24, 2023,
25  the Court issued the "Order Approving "Sixth Stipulation To Continue
26  Initial Adversary Status Conference," providing for the continuance
27  of the status conference to May 22, 2023.

28        On April 4, 2023, the Court issued an "Order Rescheduling

1  Adversary Status Conference" from May 22, 2023 to May 15, 2023.

2  Flannery's counsel, who was suffering from severe allegeries at that

3  time, resulting in flu like symptoms including headaches, cold and

4  cough and fatigue, did not see the April 4, 2023 order and was

5  unaware that the date of the status conference had been moved ahead

6  to May 15, 2023.  Because Flannery's counsel was not aware that the

7  date of status conference had been moved ahead, he did not meet and

8  confer with Defendant, as he previously had on several prior

9  occasions, did not prepare a stipulation to continue the status

10 conference or a status report, as he had on several prior occasions,

11 in advance of the May 15, 2023 hearing and did not attend the status

12 conference hearing.

13

14                              III.

15                         LEGAL ANALYSIS

16 A.    Standard For Motion For Reconsideration Under Federal Rules Of

17       Civil Procedure ("FRCP") 59(e) and 60

18        Pursuant to FRCP 59, made applicable to this case by Federal

19 Rules of Bankruptcy Procedure ("FRBP") 9023, the bankruptcy court is

20 authorized to reconsider orders and judgments while FRCP 60

21 authorizes this Court to relieve a party from final orders and

22 judgments. [Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b); *see also*,

23 *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. Or.

24 1993) (court may reconsider its grant of summary judgment under

25 either FRCP 59(e) (motion to alter or amend a judgment) or Rule 60(b)

26 (relief from judgment))]  A motion for a new trial or to alter or

27 amend a judgment shall be filed, and a court may on its own order a

28 new trial, no later than 14 days after entry of judgment. [Fed. R.

1  Bankr. P. 9023]

2      Amendment or alteration of a judgment is ordinarily appropriate

3  under FRCP 59(e) if the court (1) is presented with newly discovered

4  evidence that was not available at the time of the original hearing,

5  (2) committed clear error or made an initial decision that was

6  manifestly unjust, or (3) there is an intervening change in

7  controlling law.[2] [*389 Orange St. Partners v. Arnold*, 179 F.3d 656,

8  665 (9th Cir. 1999); United *Nat'l Ins. Co. v. Spectrum Worldwide,*

9  *Inc.*, 555 F.3d 772, 780 (9th Cir. 2009)] Reconsideration may also be

10 granted "as necessary to prevent manifest injustice." [*Navajo Nation*

11 *v. Norris*, 331 F.3d 1041, 1046 (9th Cir. Wash. 2003); *See also, Kern-*

12 *Tulare Water District v. Bakersfield*, 634 F. Supp. 656, 665 (E.D.

13 Cal. 1986), aff'd in part, rev'd in part on other grounds, 828 F. 2d

14 514 (9th Cir. 1987) (Rule 59(e) motion may also be used to prevent

15 manifest injustice)]

16     In terms of manifest injustice, although there is no "hard line

17 definition," courts determine on a case-by-case whether the necessary

18 manifest injustice has been shown. [*In re Cusano*, 431 B.R. 726, 734

19 (B.A.P. 6th Cir. 2010)] Essentially, a showing of manifest injustice

20 requires that "there exist a fundamental flaw in the court's decision

21 that without correction would lead to a result that is both

22 inequitable and not in line with applicable policy." [*Bunting*

23 *Bearings Corp.*, 321 B.R. 420 (Bankr. N.D. Oh. 2004)]

24     FRBP 60(b), which is made applicable to bankruptcy proceedings

25

26     [2]   Flannery does not base his request for relief under Rule 59(e) on an
intervening change in controlling law or to correct a legal error. Rather,
Flannery asserts that newly discovered evidence is grounds for reconsideration in
27 this case given that Flannery was unable to present to the Court the reason for
not having caused a Status Report to be filed and his counsel's failure to appear
28 for the Status Conference.

1  by FRBP 9024, permits the bankruptcy court to alter, amend, or vacate

2  a judgment after its entry or, in limited circumstances, reconsider a

3  substantive aspect of a previously rendered determination. [*In re DEF*

4  *Inv.*, 186 B.R. 671, 680 (Bankr. D. Minn. 1995)(citing *NationsBank v.*

5  *Blier (In re Creative Goldsmith)*, 178 B.R. 87, 90-91 (Bankr. D. Md.

6  1995)]   FRCP 60(b) permits a court, on motion, to relieve a party

7  from a final judgment, order, or proceeding for any of following

8  reasons "(1) mistake, inadvertence, surprise, or excusable neglect

9  ... or (6) any other reason that justifies relief." [Fed. R. Civ. P.

10  60(b)]   A Rule 60(b) motion must be made within a reasonable time,

11  and for reason (1), no more than a year after the entry of judgment

12  or order or the date of the proceeding. [Fed. R. Civ. P. 60©]

13      Local Bankruptcy Rule 9013-4, governing a motion for a new

14  trial, a new hearing in a contested matter, or amendment of a

15  judgment, provides:

16  **(a)   Grounds.**   The grounds for a motion for a new trial, a new
hearing in a contested matter, or amendment of judgment
17  pursuant to FRBP 9023 or F.R.Civ.P. 59(a) include, but are
not necessarily limited to, the following:

18  (1)   Irregularity in the proceedings of the court, adverse
19  party, or jury;

20  (2)   Any order of the court or abuse of discretion by which
the party was prevented from receiving a fair trial;

21

22  (3)   Misconduct by the jury;

(4)   Accident or surprise that could not have been guarded
23  against by the exercise of ordinary prudence;

24  (5)   Newly discovered evidence material to the interest of
the party making the application that could not with
25  reasonable diligence have been discovered and produced
at trial;

26

(6)   Excessive or inadequate damages appearing to have been
27  determined under the influence of passion or
prejudice;

28

      (7)   Insufficiency of the evidence to justify the verdict
or other decision; and

      (8)   Errors of law occurring at the trial...

   &copy;  **Documents, Transcripts, Evidence.**  The motion will be
determined based upon:

      (1)   The documents on file;

      (2)   The recorder's transcript or digital recording; and

      (3)   Declarations, if the ground is other than error of law
or insufficiency of the evidence and the facts or
circumstances relied on do not otherwise appear in the
records of the court.

**(d)**  **Declarations - Time for Filing.**  Declarations in support of
a motion for a new trial must be filed and served
concurrently with the motion unless the court fixes a
different time.

**(e)**  **Hearing.**  The motion for a new trial must be set for
hearing as provided in LBR 9013-1(d).

B.   <u>Relief From The Dismissal Order Is Warranted</u>

   1.   Rule 59(e) - Newly Discovered Evidence / Prevention Of

       Manifest Injustice

Although not the primary basis for the relief sought, Flannery
submits that the reason for his counsel's failure to file a status
report in advance of the status conference and to appear for the
status conference should be considered to be newly discovered
material evidence that could not have been provided to the Court
because, due to illness counsel was unaware that the status
conference had been continued forward.  The reason and the supporting
evidence for the lack of status report and for the non-appearance
have, through the instant motion, now been brought before the Court,
and warrant issuance of an order vacating the Dismissal Order.

Flannery also submits that the Court's decision to dismiss the
instant adversary results in manifest injustice as had the Court been

1  apprized of the reason that no status report had been filed and for

2  counsel's non-appearance, it is unlikely that the Court would have

3  dismissed the case.  The end result is both inequitable and not in

4  line with applicable policy that favors adjudication of adversary

5  proceedings on the merits.

6

7      2.    Rule 60(b)(1) - Mistake, Inadvertence, Surprise, Or

8            Excusable Neglect

9      Relief from a judgment or order may be granted where the order

10  or judgment results from a misunderstanding regarding the duty to

11  appear [*Ellingsworth v. Chrysler,* 665 F.2d 180, 184 (7th Cir. 1981)

12  or, in some circumstances, an attorney's negligent failure to meet a

13  deadline [*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261-62

14  (9th Cir. 2010)], or other professional misstep.

15      As a threshold showing, the moving party must demonstrate that

16  the error made did not result from his or her own culpable conduct,

17  and instead that the party has behaved with appropriate diligence.

18  To qualify as "excusable neglect", the conduct is tested against an

19  equitable standard, one that weighs the totality of the circumstances

20  [*Brandt v. American Bankers Ins. Co*, 653 F.3d 1108, 1111 (9th Cir.

21  1108, 1111 (9th Cir. 2011)]  Among the factors the courts consider in

22  this analysis are: (1) prejudice to the opponent; (2) length of delay

23  and impact on the proceedings; (3) reason for the delay; and (4) the

24  moving party's good faith.  [*Ahanchian v. Xenon Pictures, Inc.*, 624

25  F.3d 1253, 1261-62 (9th Cir. 2010)]

26      In the instant case, the Defendant will not be prejudiced if the

27  Dismissal Order is vacated.  Dismissal of the adversary proceeding

28  was not the result of an adjudication on the merits and a discovery

1  cutoff, deadline to file dispositive motions, or trial date have yet
2  to be set.  Defendant did not appear at the status conference;
3  therefore, she will not have been inconvenienced or prejudiced if the
4  Dismissal Order is vacated.  There has been a mere sixteen (16) day
5  delay between the status conference and the filing of the Motion.
6  Defendant has promptly sought relief from the Dismissal Order, which
7  was entered less than two (2) weeks ago.  The failure to appear at
8  the Status Conference was not due to any conscious or intentional
9  conduct.  Rather, Plaintiff's counsel was not aware of the status
10 conference because he was suffering from serious allegeries,
11 resulting in flu like symptoms including headaches, cold and cough
12 and severe fatigue, at the time the Court issued the "Order
13 Rescheduling Adversary Status Conference," and therefore did not see
14 the April 4, 2023 order and was unaware that the date of the status
15 conference had been moved ahead to May 15, 2023.  The Plaintiff has
16 at all times acted in good faith. He has, though his counsel worked
17 cooperatively with the Defendant.  He has taken into consideration
18 the Defendant's schedule and her need to prepare for legal
19 proceedings, separate from the instant adversary, when stipulating to
20 continues of the Status Conferences in this matter.  Lastly, the
21 record in the instant adversary reveals no willful pattern of
22 disregard for the Court's orders or rules.

IV.

CONCLUSION

26     Based upon the facts, circumstances and legal authorities set
27 forth above, Patrick Flannery respectfully requests that the Court
28 grant the "Motion To Vacate/Alter 'Order Dismissing Adversary

1  Proceeding For Lack Of Prosecution Under LBR 7041-1(b),'" vacate the

2  "Order Dismissing Adversary Proceeding For Lack Of Prosecution Under

3  LBR 7041-1(b)," schedule a status conference in this adversary

4  proceeding and for such other relief as is just and proper.

5

6  Dated: May 31, 2023          LAW OFFICES OR RAYMOND H. AVER
                                A Professional Corporation

7

8

9                              By:_____
                                   RAYMOND H. AVER
10                                 Bankruptcy Litigation Counsel for
                                   PATRICK FLANNERY, Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF RAYMOND H. AVER

I, RAYMOND H. AVER, declare:

1.    I am an attorney at law, licensed to practice in the state of California.  I am employed by the Law Offices Of Raymond H. Aver, A Professional Corporation ("Aver Firm").  The Aver Firm is bankruptcy litigation to Patrick J. Flannery ("Plaintiff" or "Flannery") with regard the adversary proceeding captioned: *Flannery v. Murray*, Adv No. 1:22-ap-01011-MT ("Flannery Adversary").

2.    In preparing this declaration, I have reviewed and relied upon the pleadings and papers filed in the Flannery Adversary proceeding and those filed in *The People of the State of California, et al. v. Murray*, Adv. No. 1:22-ap-01010-MT ("Government Adversary").

Commencement Of The Bankruptcy Case

3.    On October 27, 2021 ("Petition Date"), Andrea Lynn Murray ("Murray" or "Defendant") caused to be filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code ("Bankruptcy Code").

4.    The First Meeting Of Creditors was scheduled for December 6, 2021, and therefore the deadline to object to the dischargeability was February 4, 2022.

Timely Filing Of Dischargeability Objection And Contemporaneous Filing Of Dischargeability Complaint By The People, The County And The LEA

5.    On February 4, 2022, Flannery timely caused the "Complaint To Determine Dischargeability Of Debt [11 U.S.C. §523(a)(6)]" to be

1  filed. One day prior, The People of the State of California (the

2  "People"), the County of Los Angeles (the "County") and the Los

3  Angeles County Department of Public Health acting as the Local

4  Enforcement Agency ("LEA") caused the "Complaint For Determination Of

5  Non-Dischargeability Of Debts Pursuant To 11 U.S.C. §§523(a)(6) And

6  523(a)(7)" to be filed, commencing the Government Adversary. Both

7  complaints are based upon similar, if not identical facts and

8  circumstances arising from Defendant's allegedly unpermitted grading

9  and illegal dumping of construction waste materials at the real

10 property located at 12051 Browns Canyon Road, Chatsworth, California

11 91311 ("Property"), which is 13+ acres and is owned by Flannery and

12 Murray, fifty-fifty as tenants in common.

13     6.   As described in the "Complaint For Determination Of Non-

14 Dischargeability Of Debts Pursuant To 11 U.S.C. §§523(a)(6) And

15 523(a)(7)," prior to the Petition Date, in June 2017, the LEA issued

16 a Notice Of Violation to Defendant for illegal disposing of

17 construction and demolition materials on the Property. And, in

18 January 2018, the LEA issued a Cease and Desist Order ordering

19 Defendant to cease dumping the materials and to remove materials from

20 the Property within 30 days. On December 13, 2018, the People filed

21 a Misdemeanor Complaint and on February 13, 2019, the People filed an

22 Amended Misdemeanor Complaint ("Criminal Action") against Murray.

23

24 <u>Plaintiff's Active Participation In The Dischargeability Objection</u>

25     7.   I have been actively monitoring the various governmental

26 proceedings that have been brought against Defendant pertaining to

27 the allegedly unpermitted grading and illegal dumping, including the

28 Criminal Action, and have spearheaded Plaintiff's entry into six

1  stipulations with Defendant to continue the Adversary Status
2  Conference for periods of approximately one to four months each.
3  These stipulations, filed with the Court from April 11, 2022 to March
4  23, 2023, upon which the Court ordered continuances of the Adversary
5  Status Conferences, were entered into for two primary reasons: (a) to
6  afford Defendant the opportunity to concentrate on defending herself
7  in the Criminal Action and in the LEA administrative action; and (b)
8  because it was anticipated that adjudication of some of the factual
9  and/or legal issues being tried in the Criminal Action and addressed
10 in the LEA administrative action would narrow some of the issues in
11 the adversary proceeding, saving Plaintiff substantial legal expense.
12 A true and correct copy of the stipulations are attached as **Exhibit 1**
13 through **Exhibit 6**, hereto.

14      8.   Due to delays in the Criminal Action and the administrative
15 action, including a hung jury in the first trial and an appeal by
16 Murray following a conviction in the second trial in the Criminal
17 Action and an appeal by Murray from the decision rendered in the
18 administrative action, it has taken far longer than originally
19 anticipated for governmental actions to conclude.

20

21 Events Resulting In Dismissal For Failure To Attend Status Conference

22      9.   On March 23, 2023, Flannery and Murray entered into the
23 "Sixth Stipulation To Continue Initial Status Conference," agreeing
24 to continue the status conference to May 22, 2023.   On March 24,
25 2023, the Court issued the "Order Approving "Sixth Stipulation To
26 Continue Initial Adversary Status Conference," providing for the
27 continuance of the status conference to May 22, 2023.

28      10.  Unbeknownst to me, on April 4, 2023, the Court issued an

1  "Order Rescheduling Adversary Status Conference" from May 22, 2023 to

2  May 15, 2023.  I was suffering from severe allegeries at that time,

3  resulting in flu like symptoms including headaches, cold and cough

4  and fatigue, did not see the April 4, 2023 order and was unaware that

5  the date of the status conference had been moved ahead to May 15,

6  2023.  Because I was not aware that the date of status conference had

7  been moved ahead, I did not meet and confer with Defendant, as I

8  previously had on several prior occasions, did not prepare a

9  stipulation to continue the status conference or a status report, as

10 I had on several prior occasions, in advance of the May 15, 2023

11 hearing and did not attend the status conference hearing.

12      11.  During the months of March through May, I take the

13 following prescription medication in an effort to address the

14 symptoms caused by my severe allegeries:  Mometasone Furoate Nasal

15 Spray; Azelastine HCI Nasal Solution; Montelukast SOD, and Bupropion

16 HCL XL.  In addition, I regularly take over the counter allergy

17 relief medicine to supplement the prescription medication, such as

18 Allergy Relief D12 and Aleve.

19      12.  I habitually review the summaries I receive most mornings

20 from cmecfhelpdesk@cacb.uscourt.gov that lists the activity that

21 occurred in each of the bankruptcy cases and adversary proceedings

22 the Aver Firm is involved in from the prior day, download the various

23 pleadings into the respect client files, and calendar the deadlines

24 and hearing dates.

25      13.  I did not see the "Order Rescheduling Adversary Status

26 Conference" that was listed in the cmecfhelpdesk@cacb.uscourt.gov

27 summaries I received on April 5, 2023.  I missed the order because I

28 was continuing to suffer from the symptoms I have due to severe

1  allegeries on that date. I therefore did not download the order or

2  calendar the hearing date, and was unaware that the status conference

3  had been moved ahead from the May 22, 2023 hearing date I was aware

4  of and had calendared to May 15, 2023.

5     14. I first became aware of the May 15, 2023 status conference

6  when I received a telephone call from Murray informing me that she

7  had missed appearing for the status conference. Murray and I

8  immediately contacted the Courtroom Deputy and left a message

9  explaining the situation. I thereafter followed-up the next day and

10  left another voice mail message. On May 18, 2023, I received through

11  cmecfhelpdesk@cacb.uscourt.gov the "Order Dismissing Adversary

12  Proceeding For Lack Of Prosecution Under LBR 7041-1(b)" ("Dismissal

13  Order").

14     15. The Dismissal Order did not result from any culpable

15  conduct of Flannery. Since I was unaware of the continuance of the

16  status conference, I could not and did not inform him of the status

17  conference.

18

19     16. I have personal knowledge of the facts stated herein,

20  except where stated on information and belief based upon pleadings

21  and papers filed with the Bankruptcy Court in the Flannery Adversary

22  and the Government Adversary, and where so stated, I am informed and

23  believe that such facts are true and correct. If called and sworn as

24  a witness, I could and would competently testify to the above.

25     Executed this 31st day of May 2023, at Los Angeles, California.

26  I declare under penalty of perjury under the laws of the United

27  ///

28

1  States of America that the foregoing is true and correct.

                                        _____
                                        RAYMOND H. AVER

**EXHIBIT 1**

1 | RAYMOND H. AVER - State Bar No. 109577
LAW OFFICES OF RAYMOND H. AVER
2 | A Professional Corporation
10801 National Boulevard, Suite 100
3 | Los Angeles, California 90064
Telephone: (310) 571-3511
4 | email: ray@averlaw.com

5 | Bankruptcy Litigation Counsel for
PATRICK J. FLANNERY, Plaintiff
6

7

8 |                    UNITED STATES BANKRUPTCY COURT

9 |    CENTRAL DISTRICT OF CALIFORNIA [SAN FERNANDO VALLEY DIVISION]

10

11 | In re:                        )   Case No. 1:21-bk-11781-MT
                                  )
12 | ANDREA LYNN MURRAY,           )   In Proceedings Under
                                  )   Chapter 7
13 |                              )
                                  )   Adv. No. 1:22-ap-01011-MT
14 |         Debtor.              )
                                  )   STIPULATION TO CONTINUE INITIAL
15 |                              )   ADVERSARY STATUS CONFERENCE
                                  )
16 |                              )
                                  )
17 | _____      )
                                  )
18 | PATRICK J. FLANNERY,          )
                                  )
19 |         Plaintiff,            )   Current Hearing Date:
                                  )   Date:  April 20, 2022
20 | v.                            )   Time:  11:00 a.m.
                                  )
21 | ANDREA LYNN MURRAY,           )   Proposed Hearing Date:
                                  )   Date:  June 1, 2022
22 |         Defendant.            )   Time:  11:00 a.m.
                                  )   Place: Courtroom 302
23 | _____      )      United States Bankruptcy Court
                                       21041 Burbank Boulevard,
24 |                                    Woodland Hills, California 91367

25

26

27

28

1  **TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE:**

2  Plaintiff Patrick J. Flannery ("Plaintiff" or "Flannery"), by

3  and through his counsel of record, Law Offices Of Raymond H. Aver, A

4  Professional Corporation, and defendant Andrea Lynn Murray

5  ("Defendant" or "Murray"), pro se, enter into this "Stipulation To

6  Continue Initial Adversary Status Conference" ("Stipulation"), based

7  upon the following facts anc circumstances:

8  **WHEREAS**, on October 27, 2021 ("Petition Date"), Defendant caused

9  to be filed a voluntary petition for relief under chapter 7 of Title

10  11 of the United Sates Code.

11  **WHEREAS**, on February 2, 2022, Plaintiff caused to be filed a

12  "Complaint To Determine Dischargeability of Debt [11 U.S.C.

13  §523(a)(6)]."  [Adv. Docket #1]

14  **WHEREAS**, on February 7, 2022, the "Summons And Notice Of Status

15  Conference In Adversary Proceeding [LBR 7004-1]" was issued

16  ("Notice").  [Adv. Docket #2]  Pursuant to the Notice, the initial

17  adversary status conference is scheduled for April 20, 2022 at 11:00

18  a.m.

19  **WHEREAS**, on March 3, 2022, Murray caused to be filed the

20  "Response [sic] Complaint To Determine Dischargeability Of Debt [11

21  U.S.C. §§523(a)(6)]." [Adv. Docket #7]

22  **WHEREAS**, prior to the Petition Date, The People Of The State Of

23  California, by and through George Gascon, Los Angeles County District

24  Attorney caused to be filed a misdemeanor complaint against Murray in

25  the Los Angeles Superior Court for the State Of California, Santa

26  Clarita Courthouse, Case No. SC05143 ("Criminal Action").

27  **WHEREAS**, a jury trial in Criminal Action is currently underway

28  before the Honorable Gary I. Micon, and has not concluded.

Case 1:22-ap-01011-MT   Doc 38   Filed 05/31/23   Entered 05/31/23 17:26:24   Desc
Case 1:22-ap-01011-MT   Main Document   Filed 04/11/22   Entered 04/11/22 16:55:53   Desc
Main Document   Page 3 of 5

Page 24 of 63

1 **WHEREAS**, Defendant has been focusing her time and effort in

2 preparing for and participating in the trial in the Criminal Action

3 and believes a continuance of the status conference will provide for

4 a more productive meet and confer between Defendant and Plaintiff,

5 and that adjudication of some of the factual and/or legal issues

6 being tried in the Criminal Action may narrow some of the issues in

7 the instant adversary proceeding.

8

9 **WHEREFORE**, in the interest of judicial economy and efficient

10 resolution of matters before the Court, Plaintiff and Defendant

11 stipulate to continue the initial adversary Status Conference

12 scheduled in the instant adversary proceeding for April 20, 2022, to

13 June 1, 2022 at 11:00 a.m.

14

15 Dated: April __, 2022   LAW OFFICES OF RAYMOND H. AVER
          A Professional Corporation

16

17

18         By: _____

19          RAYMOND H. AVER
          Bankruptcy Litigation Counsel for
          PATRICK J. FLANNERY, Plaintiff

20

21

22 Dated: April __, 2022   ANDREA LYNN MURRAY

23

24

25         By: _____
          Andrea Lynn Murray

26          Defendant

27

28

*STIPULATION TO CONTINUE INITIAL ADVERSARY STATUS CONFERENCE*

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10801 National Boulevard, Suite 100, Los Angeles, California 90064.

The foregoing document described **"STIPULATION TO CONTINUE INITIAL ADVERSARY STATUS CONFERENCE "** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 11 , 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Raymond H.  Aver    ray@averlaw.com, averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com;jesus@averlaw.com
- Jacquelyn H Choi    jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**
- **Nancy J Zamora (TR)    zamora3@aol.com, nzamora@ecf.axosfs.com**

_____    Service information continued on attached page.

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **April 11, 2022** , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

    X    Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April  11, 2022,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Maureen A. Tighe
Bin outside of Suite 324
        Judge's Copy temporarily suspended by General Order 20-02
_____    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 11, 2022 | Jesus Hinojosa | /s/ jesus hinojosa |
|---|---|---|
| Date | Name | Signature |

1

2                                    **SERVICE LIST**

**VIA U.S. MAIL**
3    Andrea L. Murray
     P.O. Box 3155
4    Chatsworth, CA 91313

5    Andrea Lynn Murray
     12051 Browns Canyon Rd
6    Chatsworth, CA 91311

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
of Raymond
H. Aver, APC

**EXHIBIT 2**

1  RAYMOND H. AVER - State Bar No. 109577
   LAW OFFICES OF RAYMOND H. AVER
2  A Professional Corporation
   10801 National Boulevard, Suite 100
3  Los Angeles, California 90064
   Telephone: (310) 571-3511
4  email: ray@averlaw.com

5  Bankruptcy Litigation Counsel for
   PATRICK J. FLANNERY, Plaintiff

6

7

8              UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA [SAN FERNANDO VALLEY DIVISION]

10

11  In re:                        )  Case No. 1:21-bk-11781-MT
                                  )
12  ANDREA LYNN MURRAY,           )  In Proceedings Under
                                  )  Chapter 7
13                                )
                                  )  Adv. No. 1:22-ap-01011-MT
14           Debtor.             )
                                  )  SECOND STIPULATION TO CONTINUE
15                                )  INITIAL ADVERSARY STATUS CONFERENCE
                                  )
16                                )
                                  )
17  _____ )
                                  )
18  PATRICK J. FLANNERY,          )
                                  )
19           Plaintiff,           )  Current Hearing Date:
                                  )  Date:  June 1, 2022
20  v.                            )  Time:  11:00 a.m.
                                  )
21  ANDREA LYNN MURRAY,           )  Proposed Hearing Date:
                                  )  Date:  August 1, 2022
22           Defendant.           )  Time:  11:00 a.m.
                                  )  Place: Courtroom 302
23  _____ )       United States Bankruptcy Court
                                         21041 Burbank Boulevard,
24                                       Woodland Hills, California 91367

25

26  TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE:

27       Plaintiff Patrick J. Flannery ("Plaintiff" or "Flannery"), by

28  and through his counsel of record, Law Offices Of Raymond H. Aver, A

1  Professional Corporation, and defendant Andrea Lynn Murray

2  ("Defendant" or "Murray"), pro se, enter into this "Second

3  Stipulation To Continue Initial Adversary Status Conference"

4  ("Stipulation"), based upon the following facts anc circumstances:

5      **WHEREAS**, on October 27, 2021 ("Petition Date"), Defendant caused

6  to be filed a voluntary petition for relief under chapter 7 of Title

7  11 of the United Sates Code.

8      **WHEREAS**, on February 2, 2022, Plaintiff timely caused to be

9  filed a "Complaint To Determine Dischargeability of Debt [11 U.S.C.

10  §523(a)(6)]."  [Adv. Docket #1]

11      **WHEREAS**, on February 7, 2022, the "Summons And Notice Of Status

12  Conference In Adversary Proceeding [LBR 7004-1]" was issued

13  ("Notice").  [Adv. Docket #2]  Pursuant to the Notice, the initial

14  adversary status conference was scheduled for April 20, 2022 at 11:00

15  a.m.

16      **WHEREAS**, on March 3, 2022, Murray caused to be filed the

17  "Response [sic] Complaint To Determine Dischargeability Of Debt [11

18  U.S.C. §§523(a)(6)]." [Adv. Docket #7]

19      **WHEREAS**, on April 11, 2022, Flannery caused to be filed the

20  "Stipulation To Continue Initial Adversary Status Conference" ("First

21  Stipulation"). [Adv. Docket #8]

22      **WHEREAS**, on April 18, 2022, the Court issued the "Order

23  Approving 'Stipulation To Continue Initial Adversary Status'" ("First

24  Stipulation Order"). [Adv. Docket #10] By the First Stipulation

25  Order, the initial status conference was continued to June 1, 2022.

26      **WHEREAS**, prior to the Petition Date, The People Of The State Of

27  California, by and through George Gascon, Los Angeles County District

28  Attorney ("People") caused to be filed a misdemeanor complaint

1 against Murray in the Los Angeles Superior Court for the State Of

2 California, Santa Clarita Courthouse, Case No. SC05143 ("Criminal

3 Action").

4     **WHEREAS,** the Criminal Action before the Honorable Gary I. Micon

5 and has concluded in a hung jury. However, the People are retrying

6 the Criminal Action, and the pre-trial hearing is scheduled for June

7 29, 2022.

8     **WHEREAS,** Defendant has been focusing her time and effort in

9 preparing for and participating in the trial in the Criminal Action

10 and believes a continuance of the status conference will provide for

11 a more productive meet and confer between Defendant and Plaintiff,

12 and that adjudication of some of the factual and/or legal issues

13 being tried in the Criminal Action may narrow some of the issues in

14 the instant adversary proceeding.

15

16     **WHEREFORE,** in the interest of judicial economy and efficient

17 resolution of matters before the Court, Plaintiff and Defendant

18 stipulate to continue the initial adversary Status Conference

19 scheduled in the instant adversary proceeding for June 1, 2022, to

20 August 1, 2022 at 11:00 a.m.

21

22 Dated: May **27**, 2022         LAW OFFICES OF RAYMOND H. AVER
                                 A Professional Corporation

23

24

25                            By:

26                              RAYMOND H. AVER
                             Bankruptcy Litigation Counsel for

27                              PATRICK J. FLANNERY, Plaintiff

28

1   Dated: May 21st, 2022                    ANDREA LYNN MURRAY

2

3

4                                            By: _____
                                                 ANDREA LYNN MURRAY
5                                            Defendant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
of Raymond
H. Aver, APC                                                                    Page 4

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10801 National Boulevard, Suite 100, Los Angeles, California 90064.

The foregoing document described **"SECOND STIPULATION TO CONTINUE INITIAL ADVERSARY STATUS CONFERENCE "** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 27 , 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Raymond H. Aver    ray@averlaw.com,
  averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com;jesus@averlaw.com
- Jacquelyn H Choi    jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**
- **Nancy J Zamora (TR)    zamora3@aol.com, nzamora@ecf.axosfs.com**

_____    Service information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On   **May 27, 2022** , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

_**X**_    Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 27, 2022,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Maureen A. Tighe
Bin outside of Suite 324
        Judge's Copy temporarily suspended by General Order 20-02
_____    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 27, 2022 | Jesus Hinojosa | /s/ jesus hinojosa |
|---|---|---|
| Date | Name | Signature |

1

**SERVICE LIST**

<u>**VIA U.S. MAIL**</u>

2       Andrea L. Murray
        P.O. Box 3155
3       Chatsworth, CA 91313

4       Andrea Lynn Murray
        12051 Browns Canyon Rd
5       Chatsworth, CA 91311

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
of Raymond
H. Aver, APC

# EXHIBIT 3

**EXHIBIT 4**

1 │ RAYMOND H. AVER - State Bar No. 109577
  │ LAW OFFICES OF RAYMOND H. AVER
2 │ A Professional Corporation
  │ 10801 National Boulevard, Suite 100
3 │ Los Angeles, California 90064
  │ Telephone: (310) 571-3511
4 │ email: ray@averlaw.com

5 │ Bankruptcy Litigation Counsel for
  │ PATRICK J. FLANNERY, Plaintiff
6 │
7 │
8 │                  **UNITED STATES BANKRUPTCY COURT**

9 │     **CENTRAL DISTRICT OF CALIFORNIA [SAN FERNANDO VALLEY DIVISION]**

10 │

11 │ **In re:**                         )   **Case No. 1:21-bk-11781-MT**
                                        )
12 │ **ANDREA LYNN MURRAY,**            )   **In Proceedings Under**
                                        )   **Chapter 7**
13 │                                    )
                                        )   **Adv. No. 1:22-ap-01011-MT**
14 │           **Debtor.**              )
                                        )   **THIRD STIPULATION TO CONTINUE**
15 │                                    )   **INITIAL ADVERSARY STATUS CONFERENCE**
                                        )
16 │                                    )
                                        )
17 │ _____  )
                                        )
18 │ **PATRICK J. FLANNERY,**           )
                                        )
19 │           **Plaintiff,**           )   <u>**Current Hearing Date:**</u>
                                        )   **Date:  August 17, 2022**
20 │ **v.**                             )   **Time:  11:00 a.m.**
                                        )
21 │ **ANDREA LYNN MURRAY,**            )   <u>**Proposed Continued Hearing Date:**</u>
                                        )   **Date:  December 5, 2022**
22 │           **Defendant.**           )   **Time:  11:00 a.m.**
                                        )   **Place: Courtroom 302**
23 │ _____  )        **United States Bankruptcy Court**
                                                 **21041 Burbank Boulevard,**
24 │                                              **Woodland Hills, California 91367**

25 │

26 │ **TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE:**

27 │       Plaintiff Patrick J. Flannery ("Plaintiff" or "Flannery"), by

28 │ and through his counsel of record, Law Offices Of Raymond H. Aver, A

1  Professional Corporation, and defendant Andrea Lynn Murray

2  ("Defendant" or "Murray"), pro se, enter into this "Third Stipulation

3  To Continue Initial Adversary Status Conference" ("Stipulation"),

4  based upon the following facts anc circumstances:

5  **WHEREAS**, on October 27, 2021 ("Petition Date"), Defendant caused

6  to be filed a voluntary petition for relief under chapter 7 of Title

7  11 of the United Sates Code.

8  **WHEREAS**, on February 2, 2022, Plaintiff timely caused to be

9  filed a "Complaint To Determine Dischargeability of Debt [11 U.S.C.

10  §523(a)(6)]."  [Adv. Docket #1]

11  **WHEREAS**, on February 7, 2022, the "Summons And Notice Of Status

12  Conference In Adversary Proceeding [LBR 7004-1]" was issued

13  ("Summons").  [Adv. Docket #2]  Pursuant to the Summons, the initial

14  adversary status conference was scheduled for April 20, 2022 at 11:00

15  a.m.

16  **WHEREAS**, on March 3, 2022, Murray caused to be filed the

17  "Response [sic] Complaint To Determine Dischargeability Of Debt [11

18  U.S.C. §§523(a)(6)]." [Adv. Docket #7]

19  **WHEREAS**, on April 11, 2022, Flannery caused to be filed the

20  "Stipulation To Continue Initial Adversary Status Conference" ("First

21  Stipulation"). [Adv. Docket #8]

22  **WHEREAS**, on April 18, 2022, the Court issued the "Order

23  Approving 'Stipulation To Continue Initial Adversary Status'" ("First

24  Stipulation Order"). [Adv. Docket #10]

25  **WHEREAS**, on May 27, 2022, Flannery caused to be filed the

26  "Second Stipulation To Continue Initial Adversary Status Conference"

27  ("Second Stipulation"). [Adv. Docket #12]

28  **WHEREAS**, on April 18, 2022, the Court issued the "Order

Law Offices
of Raymond
H. Aver, APC

1  Approving 'Second Stipulation To Continue Initial Adversary Status'"

2  ("Second Stipulation Order"). [Adv. Docket #14] By the Second

3  Stipulation Order, the initial status conference was continued to

4  August 17, 2022.

5  **WHEREAS**, prior to the Petition Date, The People Of The State Of

6  California, by and through George Gascon, Los Angeles County District

7  Attorney ("People") caused to be filed a misdemeanor complaint

8  against Murray in the Los Angeles Superior Court for the State Of

9  California, Santa Clarita Courthouse, Case No. SC05143 ("Criminal

10 Action").

11 **WHEREAS**, the Criminal Action, before the Honorable Gary I.

12 Micon, and concluded in a hung jury.  However, the People have

13 decided to retry the Criminal Action.  The trial has yet to be

14 scheduled.  Defendant has noted that COVID-19 has negatively impacted

15 the voir dire process and has delayed trial. Defendant, although

16 uncertain, anticipates the Criminal Action trial to begin in November

17 2022.

18 **WHEREAS**, Defendant has been focusing her time and effort in

19 preparing for and participating in the trial in the Criminal Action

20 and Defendant and Plaintiff believe a continuance of the status

21 conference will provide for a more productive meet and confer between

22 Defendant and Plaintiff, and that adjudication of some of the factual

23 and/or legal issues being tried in the Criminal Action may narrow

24 some of the issues in the instant adversary proceeding.

25

26 **WHEREFORE**, in the interest of judicial economy and efficient

27 resolution of matters before the Court, Plaintiff and Defendant

28 stipulate to continue the initial adversary Status Conference

1  scheduled in the instant adversary proceeding for August 17, 2022, to

2  December 5, 2022 at 11:00 a.m.

3

4  Dated: August _8_, 2022                LAW OFFICES OF RAYMOND H. AVER
                                          A Professional Corporation
5

6

7                                          By: _____
                                              RAYMOND H. AVER
8                                          Bankruptcy Litigation Counsel for
                                           PATRICK J. FLANNERY, Plaintiff
9

10

11  Dated: August _6th_, 2022             By: _____
                                              ANDREA LYNN MURRAY
12                                         Defendant - In Properia Persona

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10801 National Boulevard, Suite 100, Los Angeles, California 90064.

The foregoing document described **"THIRD STIPULATION TO CONTINUE INITIAL ADVERSARY STATUS CONFERENCE "** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 8 , 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Raymond H. Aver   ray@averlaw.com,
  averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com;jesus@averlaw.com
- Jacquelyn H Choi   jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov
- Nancy J Zamora (TR)   zamora3@aol.com, nzamora@ecf.axosfs.com

_____   Service information continued on attached page.

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On   **August 8, 2022** , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

_____X_____   Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 8, 2022**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Maureen A. Tighe
Bin outside of Suite 324
      Judge's Copy temporarily suspended by General Order 20-02
_____   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 8, 2022 | Jesus Hinojosa | /s/ jesus hinojosa |
| --- | --- | --- |
| Date | Name | Signature |

1

**SERVICE LIST**

**VIA U.S. MAIL**

2    Andrea L. Murray
P.O. Box 3155

3    Chatsworth, CA 91313

4    Andrea Lynn Murray
12051 Browns Canyon Rd

5    Chatsworth, CA 91311

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*THIRD STIPULATION TO CONTINUE INITIAL ADVERSARY STATUS CONFERENCE*

Law Offices
of Raymond
H. Aver, APC

1 | RAYMOND H. AVER – State Bar No. 109577
LAW OFFICES OF RAYMOND H. AVER
2 | A Professional Corporation
10801 National Boulevard, Suite 100
3 | Los Angeles, California 90064
Telephone: (310) 571-3511
4 | email: ray@averlaw.com

5 | Bankruptcy Litigation Counsel for
PATRICK J. FLANNERY, Plaintiff

6

7

8 |                    UNITED STATES BANKRUPTCY COURT

9 |       CENTRAL DISTRICT OF CALIFORNIA [SAN FERNANDO VALLEY DIVISION]

10

11 | In re:                          )    Case No. 1:21-bk-11781-MT
                                     )
12 | ANDREA LYNN MURRAY,             )    In Proceedings Under
                                     )    Chapter 7
13 |                                 )
                                     )    Adv. No. 1:22-ap-01011-MT
14 |           Debtor.               )
                                     )    FOURTH STIPULATION TO CONTINUE
15 | _____   )    INITIAL ADVERSARY STATUS CONFERENCE
                                     )
16 | PATRICK J. FLANNERY,            )
                                     )
17 |           Plaintiff,            )    Current Hearing Date:
                                     )    Date:  December 5, 2022
18 | v.                              )    Time:  11:00 a.m.
                                     )
19 | ANDREA LYNN MURRAY,             )    Proposed Continued Hearing Date:
                                     )    Date:  February 6, 2023
20 |           Defendant.            )    Time:  11:00 a.m.
                                     )    Place: Courtroom 302
21 | _____   )        United States Bankruptcy Court
                                              21041 Burbank Boulevard,
22 |                                           Woodland Hills, California 91367

23

24 | TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE:

25 |      Plaintiff Patrick J. Flannery ("Plaintiff" or "Flannery"), by

26 | and through his counsel of record, Law Offices Of Raymond H. Aver, A

27 | Professional Corporation, and defendant Andrea Lynn Murray

28 | ("Defendant" or "Murray"), pro se, enter into this "Fourth

Law Offices
of Raymond
H. Aver, APC

1  Stipulation To Continue Initial Adversary Status Conference"

2  ("Stipulation"), based upon the following facts anc circumstances:

3  **WHEREAS**, on October 27, 2021 ("Petition Date"), Defendant caused

4  to be filed a voluntary petition for relief under chapter 7 of Title

5  11 of the United Sates Code.

6  **WHEREAS**, on February 2, 2022, Plaintiff timely caused to be

7  filed a "Complaint To Determine Dischargeability of Debt [11 U.S.C.

8  §523(a)(6)]." [Adv. Docket #1]

9  **WHEREAS**, on February 7, 2022, the "Summons And Notice Of Status

10  Conference In Adversary Proceeding [LBR 7004-1]" was issued

11  ("Summons"). [Adv. Docket #2] Pursuant to the Summons, the initial

12  adversary status conference was scheduled for April 20, 2022 at 11:00

13  a.m.

14  **WHEREAS**, on March 3, 2022, Murray caused to be filed the

15  "Response [sic] Complaint To Determine Dischargeability Of Debt [11

16  U.S.C. §§523(a)(6)]." [Adv. Docket #7]

17  **WHEREAS**, on April 11, 2022, Flannery caused to be filed the

18  "Stipulation To Continue Initial Adversary Status Conference" ("First

19  Stipulation"). [Adv. Docket #8]

20  **WHEREAS**, on April 18, 2022, the Court issued the "Order

21  Approving 'Stipulation To Continue Initial Adversary Status'" ("First

22  Stipulation Order"). [Adv. Docket #10]

23  **WHEREAS**, on May 27, 2022, Flannery caused to be filed the

24  "Second Stipulation To Continue Initial Adversary Status Conference"

25  ("Second Stipulation"). [Adv. Docket #12]

26  **WHEREAS**, on April 18, 2022, the Court issued the "Order

27  Approving 'Second Stipulation To Continue Initial Adversary Status'"

28  ("Second Stipulation Order"). [Adv. Docket #14] By the Second

Law Offices
of Raymond
H. Aver, APC

1   Stipulation Order, the initial status conference was continued to

2   August 17, 2022.

3      **WHEREAS,** on August 8, 2022, Flannery caused to be filed the

4   "Third Stipulation To Continue Initial Adversary Status Conference"

5   ("Second Stipulation"). [Adv. Docket #16]

6      **WHEREAS,** on August 11, 2022, the Court issued the "Order

7   Approving 'Third Stipulation To Continue Initial Adversary Status'"

8   ("Third Stipulation Order"). [Adv. Docket #18] By the Third

9   Stipulation Order, the initial status conference was continued to

10   December 5, 2022.

11      **WHEREAS,** prior to the Petition Date, The People Of The State Of

12   California, by and through George Gascon, Los Angeles County District

13   Attorney ("People") caused to be filed a misdemeanor complaint on

14   behalf of the California Department of Regional Planning and the

15   California Department of Public Works against Murray in the Los

16   Angeles Superior Court for the State Of California, Santa Clarita

17   Courthouse, Case No. SC05143 ("Criminal Action").

18      **WHEREAS,** also prior to the Petition Date, the California Legal

19   Enforcement Agency served Murray with a notice of violation alleging

20   she was operating a dump site ("Administrative Claim").

21      **WHEREAS,** a hearing was held before the Solid Waste Facilities

22   Board and a decision was rendered against Murray, who caused an

23   appeal to be filed from that decision. However, the appeal could not

24   proceed until the Criminal Action had concluded.

25      **WHEREAS,** the Criminal Action, before the Honorable Gary I.

26   Micon, concluded in a hung jury. However, the People decided to

27   retry the Criminal Action which jury trial commenced on October 22,

28   2022 and concluded on November 4, 2022, with a conviction on two of

1 the three counts against Murray.  The sentencing is to take place on
2 December 7, 2022, at which time Murray intends to give notice that
3 she will be appealing that verdict.

4     **WHEREAS**, Defendant has been focusing her time and effort in
5 preparing for and participating in the trials in the Criminal Action
6 and Defendant and Plaintiff believe a continuance of the status
7 conference will provide for a more productive meet and confer between
8 Defendant and Plaintiff, and that a final adjudication of some of the
9 factual and/or legal issues that were tried in the Criminal Action
10 and that were ruled upon by the Solid Waste Facilities Board may
11 narrow some of the issues in the instant adversary proceeding.  In
12 addition, a mediation involving the People and the California Legal
13 Enforcement Agency, on the one hand, and Murray, on the other hand,
14 is scheduled for January 30, 2023, that may resolve the Criminal
15 Action and the Administrative Claim and facilitate a resolution the
16 instant adversary proceeding.

17

18     **WHEREFORE**, in the interest of judicial economy and efficient
19 resolution of matters before the Court, Plaintiff and Defendant
20 stipulate to continue the initial adversary Status Conference
21 scheduled in the instant adversary proceeding for approximately 60
22 days from December 5, 2022, to February 6, 2022 at 11:00 a.m.

23

24 Dated: December 1, 2022    LAW OFFICES OF RAYMOND H. AVER
    A Professional Corporation

25

26

27     By: _____

28     RAYMOND H. AVER
    Bankruptcy Litigation Counsel for
    PATRICK J. FLANNERY, Plaintiff

*FOURTH STIPULATION TO CONTINUE INITIAL ADVERSARY STATUS CONFERENCE*

1    Dated: December 1, 2022          By: _____
                                          ANDREA LYNN MURRAY,
2                                         Defendant - In Propria Persona

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
of Raymond
H. Aver, APC

# EXHIBIT 5

1 | RAYMOND H. AVER - State Bar No. 109577
LAW OFFICES OF RAYMOND H. AVER
2 | A Professional Corporation
10801 National Boulevard, Suite 100
3 | Los Angeles, California 90064
Telephone: (310) 571-3511
4 | email: ray@averlaw.com

5 | Bankruptcy Litigation Counsel for
PATRICK J. FLANNERY, Plaintiff

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA [SAN FERNANDO VALLEY DIVISION]

10

11 | In re:                          )   Case No. 1:21-bk-11781-MT
                                    )
12 | ANDREA LYNN MURRAY,            )   In Proceedings Under
                                    )   Chapter 7
13 |                                )
                                    )   Adv. No. 1:22-ap-01011-MT
14 |           Debtor.              )
                                    )   FIFTH STIPULATION TO CONTINUE
15 | _____)   INITIAL ADVERSARY STATUS CONFERENCE
                                    )
16 | PATRICK J. FLANNERY,           )
                                    )
17 |           Plaintiff,           )   Current Hearing Date:
                                    )   Date:  February 6, 2023
18 | v.                             )   Time:  11:00 a.m.
                                    )
19 | ANDREA LYNN MURRAY,            )   Proposed Continued Hearing Date:
                                    )   Date:  April 3, 2023
20 |           Defendant.           )   Time:  11:00 a.m.
                                    )   Place: Courtroom 302
21 | _____)           United States Bankruptcy Court
                                                21041 Burbank Boulevard,
22 |                                             Woodland Hills, California 91367

23

24 | TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE:

25 |     Plaintiff Patrick J. Flannery ("Plaintiff" or "Flannery"), by

26 | and through his counsel of record, Law Offices Of Raymond H. Aver, A

27 | Professional Corporation, and defendant Andrea Lynn Murray

28 | ("Defendant" or "Murray"), pro se, enter into this "Fifth Stipulation

1  To Continue Initial Adversary Status Conference" ("Stipulation"),
2  based upon the following facts anc circumstances:

3      **WHEREAS**, on October 27, 2021 ("Petition Date"), Defendant caused
4  to be filed a voluntary petition for relief under chapter 7 of Title
5  11 of the United Sates Code.

6      **WHEREAS**, on February 2, 2022, Plaintiff timely caused to be
7  filed a "Complaint To Determine Dischargeability of Debt [11 U.S.C.
8  §523(a)(6)]."   [Adv. Docket #1]

9      **WHEREAS**, on February 7, 2022, the "Summons And Notice Of Status
10  Conference In Adversary Proceeding [LBR 7004-1]" was issued
11  ("Summons").   [Adv. Docket #2]   Pursuant to the Summons, the initial
12  adversary status conference was scheduled for April 20, 2022 at 11:00
13  a.m.

14      **WHEREAS**, on March 3, 2022, Murray caused to be filed the
15  "Response [sic] Complaint To Determine Dischargeability Of Debt [11
16  U.S.C. §§523(a)(6)]." [Adv. Docket #7]

17      **WHEREAS**, prior to the Petition Date, The People Of The State Of
18  California, by and through George Gascon, Los Angeles County District
19  Attorney ("People") caused to be filed a misdemeanor complaint on
20  behalf of the California Department of Regional Planning and the
21  California Department of Public Works against Murray in the Los
22  Angeles Superior Court for the State Of California, Santa Clarita
23  Courthouse, Case No. SC05143 ("Criminal Action").

24      **WHEREAS**, also prior to the Petition Date, the California Legal
25  Enforcement Agency served Murray with a notice of violation alleging
26  she was operating a dump site ("Administrative Claim").

27      **WHEREAS**, a hearing was held before the Solid Waste Facilities
28  Board and a decision was rendered against Murray regarding the

1   Administrative Claim, and Murray caused an appeal to be filed from
2   that decision.  However, the appeal could not proceed until the
3   Criminal Action had concluded.

4   **WHEREAS,** the Criminal Action, before the Honorable Gary I.
5   Micon, concluded in a hung jury.  However, the People decided to
6   retry the Criminal Action which jury trial commenced on October 22,
7   2022 and concluded on November 4, 2022, with a conviction on two of
8   the three counts against Murray for grading without a permit and
9   improper use of landfill.  The sentencing took place on December 7,
10  2022 and Murray, who filed an appeal from the verdict on December 16,
11  2022, is performing community service as part of her sentence.

12  **WHEREAS,** briefing deadlines have recently been set with regard
13  to the appeal from the Administrative Claim order, and Murray's
14  opening brief is due on February 3, 2023, with the responsive brief
15  due on February 16, 2023, and Murray's reply brief due on March 2,
16  2023.

17  **WHEREAS,** since April 2022, Plaintiff and Defendant have been in
18  communication regarding the status of the Criminal Action and the
19  Administrative Claim proceedings and have entered into stipulations
20  to continue the Initial Status Conference initially scheduled for
21  April 20, 2022 [*See,* Docket #s 8, 12, 16, and 20], resulting in
22  orders continuing the Initial Status Conference. [*See,* Docket #s 10,
23  14, 18 and 22].

24  **WHEREAS,** Defendant has previously been focusing her time and
25  effort in preparing for and participating in the trials in the
26  Criminal Action and, more recently, in preparing her opening brief in
27  the Administrative Claim proceedings, and Defendant and Plaintiff
28  believe a further continuance of the status conference will provide

1   for a more productive meet and confer between Defendant and

2   Plaintiff, and that a final adjudication of some of the factual

3   and/or legal issues that were tried and ruled upon in the Criminal

4   Action and that were ruled upon by the Solid Waste Facilities Board

5   may narrow some, and perhaps all, of the issues in the instant

6   adversary proceeding.  In addition, a mediation involving the People

7   and the California Legal Enforcement Agency, on the one hand, and

8   Murray, on the other hand, is scheduled for March 17, 2023, that may

9   resolve the Criminal Action and the Administrative Claim and

10   facilitate a resolution of the instant adversary proceeding.

11

12      **WHEREFORE,** in the interest of judicial economy and efficient

13   resolution of matters before the Court, Plaintiff and Defendant

14   stipulate to continue the initial adversary Status Conference

15   scheduled in the instant adversary proceeding for approximately 60

16   days from February 6, 2023, to April 3, 2023 at 11:00 a.m., or to a

17   later date convenient with the Court.

18

19   Dated: February 3, 2023      LAW OFFICES OF RAYMOND H. AVER
                            A Professional Corporation

20

21

22                                By:_____

                                   RAYMOND H. AVER

23                                Bankruptcy Litigation Counsel for

24                                PATRICK J. FLANNERY, Plaintiff

25

26   Dated: February 3, 2023      By:_____
                                   ANDREA LYNN MURRAY

27                                Defendant – In Properia Persona

28

Law Offices
of Raymond
H. Aver, APC

1  for a more productive meet and confer between Defendant and

2  Plaintiff, and that a final adjudication of some of the factual

3  and/or legal issues that were tried and ruled upon in the Criminal

4  Action and that were ruled upon by the Solid Waste Facilities Board

5  may narrow some, and perhaps all, of the issues in the instant

6  adversary proceeding.  In addition, a mediation involving the People

7  and the California Legal Enforcement Agency, on the one hand, and

8  Murray, on the other hand, is scheduled for March 17, 2023, that may

9  resolve the Criminal Action and the Administrative Claim and

10  facilitate a resolution of the instant adversary proceeding.

11

12      WHEREFORE, in the interest of judicial economy and efficient

13  resolution of matters before the Court, Plaintiff and Defendant

14  stipulate to continue the initial adversary Status Conference

15  scheduled in the instant adversary proceeding for approximately 60

16  days from February 6, 2023, to April 3, 2023 at 11:00 a.m., or to a

17  later date convenient with the Court.

18

19  Dated: February 3, 2023          LAW OFFICES OF RAYMOND H. AVER
                                     A Professional Corporation

20

21

22                                   By:
23                                        RAYMOND H. AVER
                                     Bankruptcy Litigation Counsel for
                                     PATRICK J. FLANNERY, Plaintiff

24

25

26  Dated: February 3, 2023          By:
                                          ANDREA L. MURRAY
27                                   Defendant, In Propria Persona

28

_FIFTH STIPULATION TO CONTINUE INITIAL ADVERSARY STATUS CONFERENCE_

Page 4

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10801 National Boulevard, Suite 100, Los Angeles, California 90064.

The foregoing document described **"FIFTH STIPULATION TO CONTINUE INITIAL ADVERSARY STATUS CONFERENCE "** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 3, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Raymond H. Aver    ray@averlaw.com,
  averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com;jesus@averlaw.com
- Jacquelyn H Choi    jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Nancy J Zamora (TR)    zamora3@aol.com, nzamora@ecf.axosfs.com

                          ____    Service information continued on attached page.

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

                          ____    Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 3, 2023,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Maureen A. Tighe
Bin outside of Suite 324
       Judge's Copy temporarily suspended by General Order 20-02

Andrea L. Murray - via email: bcr2003@aol.com

                          ____    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 3, 2023 | Raymond H. Aver | /s/ raymond h. aver |
|---|---|---|
| Date | Name | Signature |

# EXHIBIT 6

1  RAYMOND H. AVER – State Bar No. 109577
   LAW OFFICES OF RAYMOND H. AVER
2  A Professional Corporation
   10801 National Boulevard, Suite 100
3  Los Angeles, California 90064
   Telephone: (310) 571-3511
4  email: ray@averlaw.com

5  Bankruptcy Litigation Counsel for
   PATRICK J. FLANNERY, Plaintiff

6

7

8                  UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA [SAN FERNANDO VALLEY DIVISION]

10

11  In re:                           )  Case No. 1:21-bk-11781-MT
                                     )
12  ANDREA LYNN MURRAY,              )  In Proceedings Under
                                     )  Chapter 7
13                                   )
                                     )  Adv. No. 1:22-ap-01011-MT
14           Debtor.                 )
                                     )  SIXTH STIPULATION TO CONTINUE
15  _____ )  INITIAL ADVERSARY STATUS CONFERENCE
                                     )
16  PATRICK J. FLANNERY,             )
                                     )
17           Plaintiff,             )  Current Hearing Date:
                                     )  Date:  March 27, 2023
18  v.                               )  Time:  11:00 a.m.
                                     )
19  ANDREA LYNN MURRAY,              )  Proposed Continued Hearing Date:
                                     )  Date:  May 22, 2023
20           Defendant.              )  Time:  11:00 a.m.
                                     )  Place: Courtroom 302
21  _____ )         United States Bankruptcy Court
                                            21041 Burbank Boulevard,
22                                          Woodland Hills, California 91367

23

24  TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE:

25       Plaintiff Patrick J. Flannery ("Plaintiff" or "Flannery"), by

26  and through his counsel of record, Law Offices Of Raymond H. Aver, A

27  Professional Corporation, and defendant Andrea Lynn Murray

28  ("Defendant" or "Murray"), pro se, enter into this "Sixth Stipulation

1   To Continue Initial Adversary Status Conference" ("Stipulation"),

2   based upon the following facts and circumstances:

3       **WHEREAS**, on October 27, 2021 ("Petition Date"), Defendant caused

4   to be filed a voluntary petition for relief under chapter 7 of Title

5   11 of the United Sates Code.

6       **WHEREAS**, on February 2, 2022, Plaintiff timely caused to be

7   filed a "Complaint To Determine Dischargeability of Debt [11 U.S.C.

8   §523(a)(6)]." [Adv. Docket #1]

9       **WHEREAS**, on February 7, 2022, the "Summons And Notice Of Status

10  Conference In Adversary Proceeding [LBR 7004-1]" was issued

11  ("Summons"). [Adv. Docket #2] Pursuant to the Summons, the initial

12  adversary status conference was scheduled for April 20, 2022 at 11:00

13  a.m.

14      **WHEREAS**, on March 3, 2022, Murray caused to be filed the

15  "Response [sic] Complaint To Determine Dischargeability Of Debt [11

16  U.S.C. §§523(a)(6)]." [Adv. Docket #7]

17      **WHEREAS**, prior to the Petition Date, The People Of The State Of

18  California, by and through George Gascon, Los Angeles County District

19  Attorney ("People") caused to be filed a misdemeanor complaint on

20  behalf of the California Department of Regional Planning and the

21  California Department of Public Works against Murray in the Los

22  Angeles Superior Court for the State Of California, Santa Clarita

23  Courthouse, Case No. SC05143 ("Criminal Action").

24      **WHEREAS**, also prior to the Petition Date, the California Legal

25  Enforcement Agency ("Cal LEA") served Murray with a notice of

26  violation alleging she was operating a dump site ("Administrative

27  Claim").

28      **WHEREAS**, a hearing was held before the Solid Waste Facilities

Law Offices
of Raymond
H. Aver, APC

1  Board and a decision was rendered against Murray regarding the

2  Administrative Claim, and Murray caused an appeal to be filed from

3  that decision.  However, the appeal could not proceed until the

4  Criminal Action had concluded.

5      **WHEREAS**, the Criminal Action, before the Honorable Gary E.

6  Micon, concluded in a hung jury.  However, the People decided to

7  retry the Criminal Action which jury trial commenced on October 22,

8  2022 and concluded on November 4, 2022, with a conviction on two of

9  the three counts against Murray for grading without a permit and

10  improper use of landfill.  The sentencing took place on December 7,

11  2022 and Murray, who filed an appeal from the verdict on December 16,

12  2022, is performing community service as part of her sentence.

13      **WHEREAS**, on or about February 28, 2023, Los Angeles County, by

14  and through the Department of Public Works entered into a

15  "Stipulation For Entry Of Judgment In Favor Of Plaintiff County of

16  Los Angeles For Non-Dischargeability Of Debts Under 11 U.S.C.

17  523(a)(6) and 523(a)(7)" with Murray, which stipulation was recently

18  approved by the Court.

19      **WHEREAS**, the briefing in Murray's appeal from the Administrative

20  Claim order has been extended to include the filing of surreply

21  briefs.  The Cal LEA filed its surreply on March 16, 2023, and

22  Murray's surreply to the Cal LEA's surreply is due on March 27, 2023.

23  Although oral argument has not been scheduled, it is anticipated to

24  take place prior in or around April 13, 2023.

25      **WHEREAS**, since April 2022, Plaintiff and Defendant have been in

26  communication regarding the status of the Criminal Action and the

27  Administrative Claim proceedings and have entered into stipulations

28  to continue the Initial Status Conference initially scheduled for

*SIXTH STIPULATION TO CONTINUE INITIAL ADVERSARY STATUS CONFERENCE*

Law Offices
of Raymond
H. Aver, APC

1  April 20, 2022, resulting in orders continuing the Initial Status

2  Conference.

3       **WHEREAS**, Defendant has previously been focusing her time and

4  effort in preparing for and participating in the trials in the

5  Criminal Action and, more recently, in preparing her briefs in the

6  Administrative Claim proceeding, and Defendant and Plaintiff believe

7  a further continuance of the status conference will provide for a

8  more productive meet and confer between Defendant and Plaintiff, and

9  that a final adjudication of some of the factual and/or legal issues

10 that were tried and ruled upon in the Criminal Action and that were

11 ruled upon by the Solid Waste Facilities Board may narrow some of the

12 issues in the instant adversary proceeding.  In addition, a mediation

13 in the dischargeability adversary involving the People and the

14 California Legal Enforcement Agency, on the one hand, and Murray, on

15 the other hand, is scheduled for April 20, 2023, that may resolve the

16 Criminal Action and the Administrative Claim and facilitate a

17 resolution of the instant adversary proceeding.

18

19      **WHEREFORE**, in the interest of judicial economy and efficient

20 resolution of matters before the Court, Plaintiff and Defendant

21 stipulate to continue the initial adversary Status Conference

22 scheduled in the instant adversary proceeding for approximately 60

23 days from March 27, 2023, to May 22, 2023 at 11:00 a.m., or to a

24 later date convenient with the Court.

25

26 Dated: March 23, 2023          By: _____
                                      ANDREA LYNN MURRAY,
27                                   Defendant - In Propria Persona

28

Law Offices
of Raymond
H. Aver, APC

1   Dated: March 23, 2023          LAW OFFICES OF RAYMOND H. AVER
2                                  A Professional Corporation

3
4                                  By: _____
                                        RAYMOND H. AVER
5                                  Bankruptcy Litigation Counsel for
                                   PATRICK J. FLANNERY, Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SIXTH STIPULATION TO CONTINUE INITIAL ADVERSARY STATUS CONFERENCE

1  NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in
2  Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on
   the CM/ECF docket.

3                    **PROOF OF SERVICE OF DOCUMENT**

4  I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address
5  is: 10801 National Boulevard, Suite 100, Los Angeles, California 90064.

6  The foregoing document described **"SIXTH STIPULATION TO CONTINUE INITIAL ADVERSARY STATUS
   CONFERENCE "** will be served or was served (a) on the judge in chambers in the form and manner required by
7  LBR 5005-2(d); and (b) in the manner indicated below:

8  I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling
   General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via
9  NEF and hyperlink to the document. On **March 23, 2023**, I checked the CM/ECF docket for this bankruptcy case
   or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to
10 receive NEF transmission at the email address(es) indicated below:

11 •    Raymond H. Aver    ray@averlaw.com,
      averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com;jesus@averlaw.com
12 •    Jacquelyn H. Choi    jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
   •    United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
13 •    Nancy J Zamora (TR)    zamora3@aol.com, nzamora@ecf.axosfs.com

14                                        ____  Service information continued on attached page.

15 II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
   On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this
16 bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the
   United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.
17 Listing the judge here constitutes a declaration that mailing to the judge *will be* completed no later than 24 hours
   after the document is filed.
18                                        ____  Service information continued on attached page

19 III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each
   person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 23, 2023**, I served the
20 following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service
   method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that*
21 *personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

22 Honorable Maureen A. Tighe
   Bin outside of Suite 324
23     Judge's Copy temporarily suspended by General Order 20-02

24 Andrea L. Murray - via email: bcr2003@aol.com

25                                        ____  Service information continued on attached page

26 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and
   correct.
27

28  March 23, 2023          Raymond H. Aver          /s/ raymond h. aver
    Date                    Name                     Signature

                 *SIXTH STIPULATION TO CONTINUE INITIAL ADVERSARY STATUS CONFERENCE*
Law Offices of                                                                        Page 6
Raymond
H. Aver, Inc.

**SERVICE LIST**

1

2

3   **VIA U.S. MAIL**
Andrea L. Murray
4   P.O. Box 3155
Chatsworth, CA 91313

5
Andrea Lynn Murray
6   12051 Browns Canyon Rd
Chatsworth, CA 91311

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*SIXTH STIPULATION TO CONTINUE INITIAL ADVERSARY STATUS CONFERENCE*

Law Offices
of Raymond
H. Aver, APC

Page 7

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10801 National Boulevard, Suite 100, Los Angeles, California 90064

The foregoing document described **"MOTION TO VACATE/ALTER 'ORDER DISMISSING ADVERSARY PROCEEDING FOR LACK OF PROSECUTION UNDER LBR 7041-1(b)'; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION(S) AND EXHIBIT(S) IN SUPPORT THEREOF"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 31, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

  X    Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **May 31, 2023**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

  X    Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 31, 2023**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Maureen A. Tighe            Andrea L. Murray - via email: bcr2003@aol.com
Bin on 1st floor outside of Clerk's office
    Judge's copy temporarily suspended by General Order 20-02.

  ____    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 31, 2023 | Raymond H. Aver | /s/ raymond h. aver |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

1

## SERVICE LIST

2

3    **VIA NEF**

4    •    Raymond H. Aver    ray@averlaw.com,
         averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com;jesus@averlaw.com
5    •    Jacquelyn H Choi    jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
     •    United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
6    •    Nancy J Zamora (TR)    zamora3@aol.com, nzamora@ecf.axosfs.com

7    **VIA FIRST CLASS MAIL**

8    Andrea Lynn Murray
     12051 Browns Canyon Rd
9    Chatsworth, CA 91311

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28